UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREA CARLSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23CV931 HEA ) |
| CENTENE and CENTENE MANAGEMENT COMPANY, LLC, | ) ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint, [Doc. No. 16]. Plaintiff has filed a response to the Motion, to which Defendants have filed a reply. For the reasons set forth below, the Court will deny Defendants' motion.

Facts and Background[1]

Plaintiff's Amended Complaint alleges the following: On July 25, 2023, Plaintiff filed this action alleging her employment with Centene was terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.[2] Plaintiff contends she was discriminated against based on her religious beliefs.

---

[1] The recitation of facts is set forth for the sole purpose of this Opinion. It in no way relieves the parties of the necessary proof of the facts in later proceedings.
[2] Plaintiff's Amended Complaint also includes a claim under the Missouri Human Rights Act, Mo. Code Reg. tit. §60-3.050. Plaintiff has since withdrawn this claim.

Plaintiff asserts she was employed by Centene in August 2021. Centene advised Plaintiff that it required its employees to become vaccinated against COVID-19 as a condition of continued employment. Plaintiff applied for an exemption to the COVID-19 vaccination requirement based on her religious beliefs. Defendants denied the exemption. Plaintiff appealed the denial. The denial was affirmed, and Plaintiff's employment was terminated.

Prior to her termination, Plaintiff informed Centene that "she is a religious woman who sincerely beliefs [sic] that she is obligated to keep her body pure as a temple of the Holy Spirit. Ms. Carlson also sincerely believes that abortion is a sin and as a result, she cannot in good faith or conscience knowingly inject a substance (i.e. any of the available COVID-19 vaccines) into her body that she knows was derived and/or created through the use of aborted fetal cell line tissue."

Plaintiff's religious request was further explained to Defendant that the core of her church's teachings is the principle that she must obey the judgment of her own informed and certain conscience and that she sincerely believes following her conscience is to follow Christ Himself.

Plaintiff alleges she advised Centene that she sincerely believes that her body is not to be altered in any way other than through means by which God created or through scientifically proven, safe, and effective manmade and necessary medical intervention. Plaintiff also advised Centene of her sincerely held

2

religious beliefs and that she sincerely believes that consuming or knowingly injecting anything into her body that God did not create would constitute a sin and could prevent her ability from one day, going to Heaven and sharing that Place with God.

Defendants move to dismiss on the ground that Plaintiff fails to sufficiently allege a *bona fide* religious belief.

## Legal Standard

In order "[t]o survive a motion to dismiss, a complaint must plead sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible if the plaintiff pleads facts that allow the court to draw the reasonable inference that the Defendants is liable for the misconduct alleged." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 953 (8th Cir. 2023) (internal quotation marks and alteration omitted) (quoting *Iqbal*, 556 U.S. at 678)). "If, on the other hand, the plaintiff pleads facts that are merely consistent with a Defendants' liability, the complaint stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted); accord Edwards, 58 F.4th at 377 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937)).

In deciding whether a complaint satisfies the plausibility test, the Court must "accept 'as true the complaint's factual allegations and grant[ ] all reasonable inferences to the non-moving party.'" *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (alteration in original) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)). This rule "is inapplicable to legal conclusions," which the Court may disregard. *Iqbal*, 556 U.S. at 678. Likewise, "'naked assertions devoid of further factual enhancement,' do not suffice, nor do '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). With few exceptions, the Rule 12(b)(6) analysis is constrained to factual matter alleged in the complaint. See *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) ("[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Id*. (citations omitted)).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or discriminate against any individual ... because of such

individual's ... religion." 42 U.S.C. § 2000e-2(a)(1). The Eighth Circuit Court of Appeals very recently addressed the issue of what allegations are sufficient to state a claim for religious discrimination in the refusal of COVID-19 vaccinations context.

> Under Title VII, it is "an unlawful employment practice for an employer ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... religion." 42 U.S.C. § 2000e–2(a)(1). Religious beliefs do not need to be "acceptable, logical, consistent, or comprehensible to others*." Thomas v. Review Bd. of Ind. Empl. Sec. Div.*, 450 U.S. 707, 714, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981). "[T]he very concept of ordered liberty precludes allowing every person to make his own standards on matters of conduct in which society as a whole has important interests." *Wisconsin v. Yoder*, 406 U.S. 205, 215–16, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).
>
> For a Title VII claim based on a failure to accommodate religious beliefs, this circuit has a three-part test:
>
> To establish a prima facie case of religious discrimination under Title VII, [employees] must show [1] that they have a bona fide religious belief that conflicts with an employment requirement; [2] that they informed [employer] of this belief; and [3] that they were disciplined for failing to comply with the conflicting requirement of employment.
>
> *Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003), citing *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 65–66, 107 S.Ct. 367, 93 L.Ed.2d 305 (1986). The district court found that the plaintiffs failed to adequately plead the first and second elements of the Jones test.
>
> Kiel, Ringhofer, and Miller were denied vaccination accommodations and fired for not taking the vaccine. Each argues that their Christian religious beliefs prevent them from taking the Covid-19 vaccine. Each plaintiff invokes two principles in arguing that their religious beliefs conflict with the vaccine mandate: (1) their "body is a temple," and thus they shall not inject it with impure or unknown substances, and (2) their anti-abortion beliefs,

5

rooted in their religion, prevent them from using a product developed with fetal cell lines.

The district court erred in finding that the plaintiffs failed to adequately connect their refusal of the vaccine with their religious beliefs. At the motion to dismiss stage, "[t]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 795–96 (8th Cir. 2021) (citation omitted). "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). At this early stage, when the complaints are read as a whole and the nonmoving party receives the benefit of reasonable inferences, Kiel, Miller, and Ringhofer adequately identify religious views they believe to conflict with taking the Covid-19 vaccine. Each of these three plaintiffs plausibly connect their refusal to receive the vaccine with their religious beliefs:

• Kiel's complaint states that her "religious beliefs prevent her from putting into her body the Covid-19 vaccines ... because they were all produced with or tested with cells from aborted human babies. Receiving the vaccine would make her a participant in the abortion that killed the unborn baby."

• Miller's complaint states that her "religious exemption was based on opposition to the use of vaccines produced with or tested by aborted baby cells. Plaintiff Miller believes in the sanctity of life from conception until natural death. She lives her life according to her sincerely held religious beliefs. ... She is Christian and has determined she cannot, consistent with her conscience, take the Covid-19 vaccine, and to do so would make her complicit in the killing of the unborn babies from whom the cells used in the vaccines came."

• Ringhofer's complaint states that "his body is a Temple to the Holy Spirit and is strongly against abortion. Plaintiff Ringhofer believes the Vaccine Mandate violates his religious beliefs and conscience to take the Covid-19 vaccine because the vaccines were produced with or tested with fetal cell lines. Ringhofer ... [believes] that 'Using the fetal cells in the development of it, knowing about it, is against my religion.'"

6

The district court did not "consider the complaint as a whole," instead focusing on specific parts of the complaints to rule the anti-vaccine beliefs "personal" or "medical." See *Warmington*, 998 F.3d at 795–96. As EEOC Guidance says, "overlap between a religious and political view does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system." EEOC Compliance Manual § 12-I(A)(1) (Jan. 15, 2021).

The district court erred by emphasizing that many Christians elect to receive the vaccine. This does not defeat the plaintiffs' beliefs. See *Holt v. Hobbs*, 574 U.S. 352, 362, 135 S.Ct. 853, 190 L.Ed.2d 747 (2015) ("[T]he guarantee of the Free Exercise Clause[ ] is 'not limited to beliefs which are shared by all of the members of a religious sect.' "), quoting *Thomas v. Review Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 715–16, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981).

When Kiel, Ringhofer, and Miller's complaints are read as a whole, they plausibly plead religious beliefs that conflict with Mayo's vaccine requirement. These claims are sufficient to survive a motion to dismiss.

*Ringhofer v. Mayo Clinic, Ambulance*, No. 23-2994, ___ F.4th ___, 2024 WL 2498263, at *3–4 (8th Cir. May 24, 2024).

Construing the factual allegations of Plaintiff's Amended Complaint and all reasonable inferences thereof as true, the Amended Complaint satisfies Rule 12(b)(6). The motion to dismiss will therefore be denied.

## Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No.

16] is **DENIED**.

Dated this 6th day of June, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE